UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-00049-5-JRG |
| | ) | |
| JESSICA LYNNE JAMES. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Compassionate Release [Doc. 187] and the United States' Response in Opposition [Doc. 194].[1] For the reasons stated herein, Defendant's motion is **DENIED**.

**BACKGROUND**

On September 12, 2018, Defendant pleaded guilty to one count of conspiracy to distribute methamphetamine. [Plea Agreement, Doc. 79.] On February 6, 2019, she was sentenced to 180 months' imprisonment. [J., Doc. 160 at 2.] When she filed her motion for compassionate release, Defendant had served approximately 44 months of her sentence and, to date, she has served approximately 66 months.[2]

---

[1] The Court previously granted Defendant's several motions for Extension of Time to File Reply [*see* First Mot. Extension, Doc. 196; Order, Doc. 197; Second Mot. Extension, Doc. 202; Order, Doc. 205; Third Mot. Extension, Doc. 206; Order, Doc. 207] and her Motion to Hold Case in Abeyance pending the resolution of *United States v. McCall*, 21–3400 (6th Cir. 2022) [Doc. 208]. In its Order Granting Abeyance, the Court ordered Defendant to "file a supplement to her motion for compassionate release within 30 days of the resolution of" *McCall*. [Order, Doc. 210 at 1.] *McCall* was resolved on December 22, 2022. *See United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022). Defendant has yet to file a supplement or reply and the time for doing so has long since passed. Accordingly, the Court will proceed on the current record.

[2] These figures include credit for time served from January 10, 2018. [*See* J., Doc. 160 at 2.]

Defendant seeks compassionate release on family hardship grounds. [Def. Mot. Compassionate Release, Doc. 187.] Specifically, she requests that the court release her from prison so that she can act as her mother's caregiver. [*Id.* at 6.] In support of her request, Defendant states that her 54-year-old mother suffers from Type 2 diabetes, high cholesterol, neuropathy, kidney disease, is an amputee, and "is unable to do everyday tasks by herself[.]" [*Id.*] Additionally, Defendant has submitted letters from her mother, her mother's landlord, and her mother's upstairs neighbor which explain that Defendant's mother has various medical conditions that limit her ability to care for herself. [*See* Don Gibson Letter, Doc. 187 at 10; Tammy James Letter, Doc. 187 at 11; Mary Jane Anderson Letter, Doc. 187 at 12.]

The United States has responded in opposition to Defendant's motion. [U.S. Resp. Opp'n, Doc. 194.] First, it argues that Defendant has not established an extraordinary and compelling reason warranting her release. [*Id.* at 4–5.] Second, it argues that even if she had established an extraordinary and compelling reason, 18 U.S.C. § 3553(a) factors "weigh strongly" against her release. [*Id.* at 5–6.]

## LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) gives district courts discretion to grant motions for sentence reductions and compassionate release if: (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction is consistent with applicable Sentencing Commission policy statements, and (3) after considering § 3553(a) factors, the reduction is warranted in whole or in part under the circumstances of the case. *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (citations omitted).

Because there is no applicable policy statement for inmate filed motions for compassionate release, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry[.]" *Id.* at 1111. Likewise, they "have full discretion to define 'extraordinary and compelling' without consulting" USSG § 1B1.13, the policy statement on Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A). *Id.*

Although district courts are not bound by § 1B1.13, it does not appear that the Sixth Circuit "altogether forbid[s] district courts from looking to § 1B1.13 … with an eye toward guidance, rather than with an eye toward deference. *United States v. McKenzie*, __F.Supp.3d__, 2022 WL 14155663, at *4 (E.D. Tenn. Oct. 24, 2022). Indeed, when faced with inmate-filed motions for compassionate release based on family hardship grounds, district courts continue to look to Application Note (1)(C) to § 1B1.13 for direction. *See id* at *4–5. (consulting § 1B1.13); *United States v. Taylor*, No. 19-20056, 2021 WL 21760, at *2 (E.D. Mich. Jan. 4, 2021) (same).

**ANALYSIS**

Defendant argues that the Court should grant her compassionate release because she needs to act as her mother's caregiver. [Def. Mot. Compassionate Release, Doc. 187 at 6.] But Defendant has failed to offer verifiable proof of her mother's medical conditions and need for care. Therefore, the Court is unable to determine that caregiving for her mother is an "extraordinary and compelling" reason warranting Defendant's release. But, even if Defendant had offered such proof, § 3553(a) factors weight against her release.

## A. Defendant Has Not Established an "Extraordinary and Compelling" Reason Warranting Her Release.

The Court begins its evaluation of Defendant's motion using § 1B1.13 Application Note (1)(C) which provides that "extraordinary and compelling" reasons for compassionate release based on family hardships exist where (1) the caregiver of a defendant's minor children dies or is incapacitated or (2) a defendant's spouse is incapacitated and the defendant would be their only available caregiver. USSG § 1B1.13, cmt. n.1(C). Defendant's basis for compassionate release does not involve a minor child or an incapacitated spouse and, thus, does fall within one of § 1B1.13's enumerated "extraordinary and compelling" reasons. Therefore, it is not "extraordinary and compelling" on its face.

As previously discussed, the Court is not bound by § 1B1.13 and it posits, without finding, that there *could* be an instance where caring for an infirm parent is an "extraordinary and compelling" reason warranting compassionate release. *But see United States v. Williams*, No. 1:17-cr-103, 2020 WL 3502819, at *3 (S.D. Ohio June 29, 2020) ("Incarcerated people commonly leave innocent partners, parents, and children to fend for themselves as a result of criminal conduct."). Nonetheless, because the record is devoid of verifiable proof of Defendant's mother's medical conditions and caregiving needs, the Court cannot make such a finding here.

The record lacks the verifiable proof requisite for the Court to make a determination regarding the nature and extent of Defendant's mother's medical conditions (e.g., medical records, doctors' letters, etc.). *See United States v. Mahoney*, No. 17-cr-20424, 2022 WL 987179, at *2 (E.D. Mich. Mar. 31, 2022) (denying motion

for compassionate release based on family hardship where record lacked verifying information). Indeed, the only proof on the issue is Defendant's self-serving motion and the letters in support of it. While the Court has no reason to believe that Defendant or those who submitted letters on her behalf have been untruthful, none of them appear to be medical professionals and the Court will not simply take their word for it.

The Court would only be inclined to find that caring for an infirm parent is an "extraordinary and compelling reason" where the record contained substantial proof that the defendant was their parent's sole available caregiver. *See United States v. Moore*, No. 2:16-CR-00044-4-JRG-CRW, 2022 WL 11865304, at *2 (E.D. Tenn. Oct. 20, 2022) (J. Greer) (denying motion for compassionate release to care for mother where no proof that defendant was only available caregiver); *see also United States v. Mullins*, No. 2:17-CR-00012-25-JRG, 2022 WL 10146928, at *4 (E.D. Tenn. Oct. 17, 2022) (J. Greer) ("The Court is unlikely to grant a motion for compassionate release based on family hardships absent substantive evidentiary proof that Defendant is the only person capable of caring for his father and son."). No such proof exists here. Although Defendant's Presentence Investigation Report ("PSR") indicates that she was her mother's caregiver prior to her incarceration, she has not established that she is the only available caregiver. [PSR, Doc. 134 ¶ 46.] For example, Defendant has not provided a list of her mother's other relatives and friends and an explanation for why they are unable to care for her mother; nor has she identified any community or faith-based organizations from which her mother has sought assistance and been

denied. *See Mahoney*, 2022 WL 987179, at *2 ("[Defendant] fails to specifically address whether any other family members, friends, or community organizations are available to care for his parents. The record, therefore, contains insufficient information to determine whether his assistance is genuinely required.") Instead, Defendant has merely offered the bareboned and conclusory statement that her mother "has nobody to help her."[3] [Def.'s Mot. Compassionate Release, Doc. 6 at 27.]

**B. § 3553(a) Factors Weigh Against Defendant's Release.**

Even if Defendant could establish an extraordinary and compelling reason warranting her release, § 3553(a) factors, weigh against it. *See United States v. Jones*, 407 F.App'x 22, 25 (6th Cir. 2011) (establishing that district courts need not consider each § 3553(a) factor when addressing a motion for compassionate release). Conspiracy to distribute methamphetamine is a serious crime and Defendant—who qualified as a career-offender at only 30 years old—showed a blatant disregard for the law when she committed it. [*See* PSR, Doc. 134 ¶ 41; *see also*, 18 U.S.C. § 3553(a)(1), (2).] Additionally, Defendant has only served a fraction (approximately one-third) of her 180 months' sentence. *See United States v. Goodwin*, No. 2:13-CR-00037-11-JRG, 2020 WL 5412849, at *4 (E.D. Tenn. Sept. 9, 2020) ("[C]ourts have generally granted compassionate release only to defendants who have served a

[3] The Court notes that, based on Defendant's letters of support, it appears that her mother does have friends who are able to help care for her, at least in a limited capacity. [*See* Don Gibson Letter, Doc. 187 at 10 ("I do not live in the home, but try to check on [Defendant's mother] before I go to work."); Mary Jane Anderson Letter, Doc. 187 at 12 ("I am unable to go downstairs so I check on [Defendant's mother] by phone[.]"), ("Andy Anderson age 86 takes her to the gro[cery] store, doctors, and to the bank, this very difficult as he has to lift her chair in and out of the car.").]

significant portion of their sentences.") (citations omitted). Any reduction in Defendant's sentence would not reflect the seriousness of her offense, promote respect for the law, afford adequate deterrence, or adequately protect the public from future crimes. 18 U.S.C. § 3553(a)(2); *see also United States v. Wilson*, No. 20-6047, 2020 WL 8872371, at *2 (6th Cir. Dec. 30, 2020) (affirming denial of motion for compassionate release on § 3553(a) grounds).

**CONCLUSION**

For the reasons stated above, Defendant's Motion for Compassionate Release [Doc. 187] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE